Official Form 417A (12/23)

FILED
U.S. BANKRUPTCY COURT
2024 MAY 24 P 2: 28
S.D.N.Y.

[Caption as in Form 416A, 416B, or 416D, as appropriate]

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): *Marianne Nestor*

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   - ☐ Plaintiff
   - ☒ Defendant
   - ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   - ☐ Debtor
   - ☐ Creditor
   - ☐ Trustee
   - ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   *24-01342 (MEW)*

2. State the date on which the judgment—or the appealable order or decree—was entered:
   *5/20/2024*

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: *Albert Togut* Attorney: _____

   *Marianne Nestor* _____

2. Party: _____ Attorney: *pro se*

   *Marianne Nestor* _____
   *Cassini* _____

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_Marianne W_____          Date: __5/24/2024__

Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):

_Marianne Nestor_
_15 East 63 rd St_
_NYC, NY 10065_

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

DECLARATION OF MARIANNE. NESTOR IN SUPPORT OF APPEAL
REGARDING OWNERSHIP OF BLOCK 1378 LOT 12 BOROUGH OF
MANHATTAN 10065

I, Marianne Nestor, declare under penalty of perjury that I have ownership of an
undivided 50% in the property known as 15 East 63rd Street, Block 1378 Lot 12,
Borough of Manhattan, New York City, New York, 10065, ("The Property").
Attached, Certified Copy of Deed dated May 17, 2024, issued at 66 John Street,
13th floor, New York City, dated 5/17/2024. The last Deed of February 23, 1984,
was refiled September 29, 2020, after an Order by the AD 2, on 2/13/2020, removing a
judgment that had been issued in my name, by a Surrogate Court. The Order of
Judge Verna Saunders dated 9/29/2020, confirms my ownership. There are no other
Deeds filed.

My sister, Peggy Nestor and I, Marianne Nestor purchased the Property, February 23,
1984, in our sole names more than 40 years ago, as Tenants in Common, after the
Rent Stabilization Law of 1983 had passed - namely One Owner can take one or more
apartments for their own personal use. The building is an Owner Occupied Rent
Stabilized building with 7 apartments. My sister, Peggy resided at 15 East 63rd Street
since the time of purchase, or, February, 1984.

My companies, Oleg Cassini Inc. ("OCI") 100% Ownership , Cassini Parfums Ltd.
("CPL")100% Ownership, and, Gemeaux Ltd. 50% Ownership, have been Occupants
as well.

Another sister and 2 nieces live and vote there.

I have recently moved into the Property, as my prior residence in Oyster Bay Cove, was
Seized and sold by a receiver, whose receivership of 7/1/2016, was specifically vacated
By the AD2 on 2/13/2020. This Matter, is subject to a Case filed in Federal Court,
Brooklyn New York.

The only Deed for the Property which shows my Ownership, is the Deed originally filed,
2/23/1984, and reinstated by Supreme Court Judge Verna Saunders, 9/29/2020.

I am seeking a confirmation and declaration from this Court, of my 50% Undivided
Ownership in the Property.

Attached as Exhibit 1, is the Order of the Bankruptcy Judge Wiles, 5/20/2024.
Attached as Exhibit 2, are Documents filed May 20 2024, regarding Ownership.
Attached as Exhibit 3, is the Certified Deed dated 5/17/2024 to the Property.

I have been forcibly locked out of the Property, all locks changed and broken since
Passover, 4/30/ 2024 beginning at 7:30AM.

I need unfettered Ingress and Egress, the keys to new locks or replacement of existing
ones and access to my property and personal possessions.

I am **not** subject to, nor under the jurisdiction, nor part of the case of J Wiles in the US
Bankruptcy Court.

Respectfully,

Marianne Nestor

Exhibit 1
Order of the Bankruptcy Judge Wiles 5/20/2024

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Brian F. Shaughnessy
Martha E. Martir

*Attorneys for Albert Togut*
*Not Individually But Solely in His Capacity*
*as the Chapter 11 Trustee*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

In re:                                    :        Chapter 11
                                          :
                                          :        Case No. 23-10627 (MEW)
                                          :
PEGGY NESTOR,                             :
                                          :
                      Debtor.             :
                                          :
--------------------------------------------------------------- X
ALBERT TOGUT, Not Individually But Solely  :
in His Capacity as Chapter 11 Trustee,    :
                                          :
                      Plaintiff,          :
            v.                            :        Adv. Pro. No. 24-01342 (MEW)
                                          :
PEGGY NESTOR and                          :
MARIANNE NESTOR CASSINI,                  :
                                          :
                      Defendants.         :
                                          :
--------------------------------------------------------------- X

## NOTICE OF ENTRY OF ORDER DENYING FURTHER
## REQUEST FOR RECONSIDERATION DATED MAY 20, 2024

**PLEASE TAKE NOTICE** that on May 20, 2024, the United States

Bankruptcy Court for the Southern District of New York entered the attached *Order*

*Denying May 20, 2024 Motion for Reconsideration* [Case No. 23-10627 (MEW), Docket No.

162; *see also* Adv. Pro. No. 24-01342, Docket No. 25].


DATED:  New York, New York
        May 20, 2024

                    ALBERT TOGUT, Not Individually
                    But Solely in His Capacity as the
                    Chapter 11 Trustee

                    By His Counsel,
                    TOGUT, SEGAL & SEGAL LLP
                    By:

                    */s/ Neil Berger*
                    NEIL BERGER
                    BRIAN F. SHAUGHNESSY
                    MARTHA E. MARTIR
                    One Penn Plaza, Suite 3335
                    New York, New York 10119
                    (212) 594-5000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | :     Chapter 11 |
| PEGGY NESTOR, | :     Case No. 23-10627 (MEW) |
| Debtor. | : |

---

| | |
|---|---|
| ALBERT TOGUT, Not Individually But Solely in His Capacity as Chapter 11 Trustee, | : |
| Plaintiff, | : |
| v. | :     Adv. Pro. No. 24-01342 (MEW) |
| PEGGY NESTOR and MARIANNE NESTOR CASSINI, | : |
| Defendants. | : |

---

## ORDER DENYING MAY 20, 2024 MOTION FOR RECONSIDERATION

The May 20, 2024 motion for reconsideration [ECF No. 161 in Case no. 23-10627 and ECF No. 24 in Adv Pro. No. 24-01342] is procedurally improper, raises no new points, and is denied for the reasons already stated in the decisions and orders dated April 23, 2024, May 2, 2024, May 13, 2024, May 15, 2024, and May 17, 2024.  No further hearing will be held.

DATED: New York, New York
       May 20, 2024

                                /s/ **Michael E. Wiles**
                                UNITED STATES BANKRUPTCY JUDGE

Exhibit 2

Documents filed May 20, 2024 regarding Ownership

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - —- - - - - - - -X

FILED
U.S. BANKRUPTCY COURT
2024 MAY 20 P 1:46
S.D.N.Y.

NOTICE OF MOTION
CASE NO, 230-1-527 (MEW)
DATED MAY 20, 2024
RETURNABLE MAY 27, 2024

ALBERT TOGUT PLAINTIFF
V:
PEGGY NESTOR
MARIANNE NESTOR CASSINI

Adv. Pro.
No. 24-01d342 (MEW

## Notice of Motion to Reconsider Past Rulings and 40 year Ownership of property owned since 1984.

**Please take notice that upon the annexed documents dated, May 17, 2024 and exhibits annexed thereto, the undersigned will move this Court on the 27th day of May, 2024 at 10AM in the forenoon or thereafter, for an order granting Marianne Nestor the following relief.**

1.  Confirmation of Ownership of Townhouse by Marianne Nestor and Peggy. Nestor including Certified Deed by the City of New York, dated May 17, 2024, confirming Marianne Nestor's undivided 50% Ownership of a Townhouse located at 15 East 63rd Street, Block 1378 Lot 12,  filed in this Court. May 17, 2024.

2.  Marianne Nestor is not under the Jurisdiction of this Chapter 11 Business proceeding.

**15 East 63rd Street NYC 10065**

3. It is hereby requested that this Court issue an Order, directing the Turnover, of the keys to 15 East 63rd Street, or, alternatively reinstall locks removed in the early morning hours of April 30, 2024, Passover.

4. Payment of the damages caused by the unlawful and secret interaction and planned forcible Entry into the property in the early morning hours of Passover, causing approximately $15,000. to $20,000. Dollars in damages, on April 30, 2024. All was done without warning. Antique original doors from 1901 were broken by unnecessary Brute Force by eight armed Marshals, breaking down doors in an antique building constructed between 1901 - 1903.

5. The stress and anxiety of the vicious and sadistic forcible early morning break in and entry, to my family's home is immeasurable in its damage to myself, my sister and my niece. *'Squatters are not treated this way, it is truly shocking'*. A money judgment of $17, million to me does not even cover the horror, trauma and embarrassment of this event to me and which was viewed by our neighbors of forty years.

My niece thought she would be killed, and I was afraid for my life. We will never get over this unnecessary trauma and horror. A Question, why did this day have to be different than any other day, it is a Holy Day, and not a day to institute abuse against innocent women and children.

6. Order that no personal property, documents, furniture, antiques, art, jewelry and clothing are removed from the premises, turnover of keys, computers, laptops, etc. and such other and further relief as the Court may deem Just and Equitable.

Respectfully,

*Marianne Nestor*

Undivided 50% Owner of 15 East 63rd Street
BLOCK 1378 LOT 12 - 15 EAST 63RD STREET NYC 10065

# CERTIFIED COPY

## CITY OF NEW YORK

## DEPARTMENT OF FINANCE

## OFFICE OF THE CITY REGISTER, MANHATTAN / NEW YORK COUNTY

The document attached hereto,

Document ID FT_1810000054681, DEED, recorded on
02-27-1984 00:00, page(s) 1 - 2

is a true and correct copy of the original document recorded in the Office of
the City Register of New York on as attested by the City Register on
05-17-2024 12:23

*Colette McCain-Jacques*

Colette McCain-Jacques
City Register

RECORDED FT_1610000054681 Recorded 2/27/1984 12:00:00 AM

Standard N.Y.B.T.U. Form 8002* 11-80-70M    Bargain and Sale Deed, with Covenant against Grantor's Acts - Individual or Corporation (single shee

**CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.**

REEL 767 PAGE 1840

*SST OR*
*$ 5080*

**THIS INDENTURE,** made the 23 RD day of FEBRUARY, nineteen hundred and eighty-four
**BETWEEN** KATHERINE BROWNE, residing at 8643 Holloway Plaza, Los
Angeles, California 90069

party of the first part, and MARIANNE NESTOR and PEGGY NESTOR, having an
address at 257 Park Avenue South, New York, New York 10010,

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten Dollars and other valuable consideration
paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs
or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate,
lying and being in the Borough of Manhattan, City, County and State of New
York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 63rd Street distant
124 feet 6 inches Westerly from the corner formed by the inter-
section of the Northerly side of 63rd Street and the Westerly side
of Madison Avenue;

RUNNING THENCE Northerly parallel with THE WESTERLY SIDE OF Madison Avenue AN part of the
distance through a party wall 100 feet 5 inches to the center line
of the block; BETWEEN 63TH AND 64TH STREET

THENCE Westerly parallel with the Northerly side of 63rd Street
25 feet;

THENCE Southerly AND AGAIN parallel with Madison Avenue part of the distance
through ANOTHER party wall 100 feet 5 inches to the Northerly side of
63rd Street;

THENCE Easterly along the Northerly side of 63rd Street 25 feet to
the point or place of BEGINNING.

TAX MAP
DESIGNATION

Dist.

Sec.

Blk. 1378

Lot(s) 12

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and
roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances
and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO
HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of
the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything
whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of
the first part will receive the consideration for this conveyance and will hold the right to receive such consid-
eration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply
the same first to the payment of the cost of the improvement before using any part of the total of the same for
any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.
**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above
written.

IN PRESENCE OF:

*Jeffry S. Tull*                                    *Katherine Browne*

Print Request ID 20240517000000306.0001

STATE OF NEW YORK, COUNTY OF N.Y. ss:

On the 23 day of FEBRUARY 1984, before me personally came

KATHERINE BROWNE SO IN ORIGINAL

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

JOSEPH NIRNBERG
Notary Public State of New York
No. 03-7190 Bronx County
Cert. filed in N.Y. County
Commission Expires March 30, 1985

STATE OF NEW YORK, COUNTY OF ss:

On the day of 19 , before me personally came

REEL 767 PAGE 1841

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

STATE OF NEW YORK, COUNTY OF ss:

On the day of 19 , before me personally came

to me known, who, being by me duly sworn, did depose and say that he resides at No. ;

that he is the of , the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed h name thereto by like order.

STATE OF NEW YORK, COUNTY OF ss:

On the day of 19 , before me personally came

the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he resides at No. ;

that he knows

to be the individual described in and who executed the foregoing instrument; that he, said subscribing witness, was present and saw execute the same; and that he, said witness, at the same time subscribed h name as witness thereto.

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE No. M 21033

KATHERINE BROWNE

TO

SECTION
BLOCK 1378
LOT 12
COUNTY OR TOWN NEW YORK
TAX BILLING ADDRESS 15 EAST 63 rd STREET

Recorded At Request of the Title Guarantee Company
RETURN BY MAIL TO:

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
TITLE GUARANTEE-NEW YORK
A TICOR COMPANY

BOOTH, LIPTON & LIPTON
405 Park Avenue
New York, New York
ATT WILL SANSLER ESQ. Zip No. 10022

RECORDED BY
LTIC ASSOC., INC.
41 East 42 Street
NEW YORK, N.Y. 10017
599-2170

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

84 FEB 27 P 2: 17

CITY REGISTER N.Y. COUNTY

OFFICE OF CITY REGISTER
New York County

FEB 27 1984
REAL ESTATE
TRANSFER TAX
NEW YORK
COUNTY

To: Judge Michael Wiles
United States Bankruptcy Court
Southern District of New York

FILED
U.S. BANKRUPTCY COURT
2024 MAY 17 P 1:1
S.D.N.Y.

—————————————— X        Case No. 23-10627 (MEW)

Re:

Albert Togut v

Peggy Nestor & Marianne Nestor Cassini

.

—————————————— X        Adv. Pro No 2401342 (MEW)


**MOTION TO RECONSIDER ORDER DATED 5/13/2024 IN LIGHT OF NEW INFORMATION**


Opposition to Decision and Order of May 13, 2024

Document 153 Filed 5/13/2024:


Regarding incorrect information filed by Neil Berger and correction of the false narrative:

I am not, never was a Party to the Chapter 11 Proceeding filed by the Penachio Malara

Law Firm.   Accordingly, I am not under Your Honor's jurisdiction.

I am a 50% Owner of 15 East 63rd Street, NYC 10065 since February 23, 1984.


The Lynx Asset Loan was a Corporate Loan with Gemeaux Ltd. and was/is a Chapter 11

Proceeding by Attorney Anne Penachio of Penachio Malara, a firm based in White

Plains, New York.  Gemeaux Ltd. is a company formed in 1973 jointly owned by

Peggy Nestor and Marianne Nestor.  See Letter of 2017, of Attorney Nicotera in

Court Records, and Filings showing the corporation Gemeaux Ltd. as Borrower.

Neither I, nor my sister, Peggy Nestor were advised of a March 13, 2024 meeting by

Attorney Penachio, and were not advised of the meeting and accordingly did not attend.

The Property, known as 15 East 63rd Street was purchased by Marianne Nestor and Peggy Nestor as Tenants in Common, February 23, 1984, over 40 years ago.

The Property was held that way up and until the Credit Bid of Mr. Kerins Esq. on September 12, 2018, when a Credit Bid was made by him on behalf of a Nassau County Public Administrator, Jeffrey DeLuca. Mr. DeLuca resigned November 2018, after an Audit. Poundage in the amount of $300,000.was borrowed from funds belonging to my company, Oleg Cassini Inc. ("OCI").

At the time of the purchase of the property, 15 East 63rd Street, February 23, 1984, all 14 fireplaces, paneling, and special items, including chandeliers, unique hardware and fixtures, were appraised by a credited appraiser, accepted by the IRS, namely, Anton Rudert, and were purchased, separate and apart, as personalty. Taxes were paid at that time to New York State, for the Personalty. Accordingly, they belong to Purchaser, Marianne Nestor. Documents, regarding same, are available.


The Rent Stabilized Building, 15 East 63rd Street NYC, 10065, contains 7 Apartments, occupied by Peggy Nestor, her family, two nieces, who go to school in NYC, are registered Voters, and work in NYC, and two nephews, who graduated Fordham University NYC, and their mother. Peggy Nestor's daughter grew up in the building, she was a top Ford Child &Teen Model, and graduated from New York University. Interestingly, the head of NYU was John Sexton, which is the name of her maternal great grandfather, John Sexton, assistant to NY Governor Al Smith. Peggy's daughter attended a Yale summer program at Oxford UK and was offered a scholarship at BADA London that Fall, she also was considering to be at Yale as undergraduate from her senior year at the American School in Paris. She was nominated by her teachers from Paris. However, Peggy's daughter, wanted to be home, in New York, to graduate from NYU and live at her home, 15 East 63rd Street, NYC 10065.

**There was no Unrecorded Deed in 2016.   That statement is false and incorrect.**

Peggy Nestor's Primary Residence since 2/23/1984 is/was 15 East 63rd Street, where she brought up her daughter, and where our family resided and business has operated since 2000, after moving from 3 West 57th Street, November 2000.

The amount of $34, Million in Use & Occupancy is due to Peggy Nestor for 19 years of Use and Occupancy, at 15 East 63rd Street, by my company, Oleg Cassini Inc. ("OCI").

Gemeaux Ltd., our jointly owned company, agreed to pay off Lynx Assets, and refinance and/or sell in a Dual Path.  The funds were there and available, but, Ms. Penachio did not address this fact.

As advised, to the Court, Peggy Nestor had an investment property in Malibu, Ca. which was totally destroyed by the Woolsey Fires, November 2018. FEMA.

Any monies from that event were prior/pre a Chapter 11 proceeding regarding Lynx Assets.  This was acknowledged by Your Honor, as pre-Chapter 11 Funds, during a meeting where only phone contact was advised by Attorney Penachio.

Regarding any ATM usage, in Connecticut, we have family in Connecticut for over 30 years.  I owned a property with another family member in Weston Ct, purchased in 1990, All records were supplied to Ms. Penachio in a timely manner and form.

The Trustee's allegations are false, Ms. Penachio did not advise re an April 23, 2024 hearing, or my sister and I would have personally attended.

This Statement is false.Page 3/Paragraph 2 and 3, were not advised by Attorney Penachio Regarding Answers and Offsets, to Creditors. - 314 Pages of Offsets and Information were given to Attorney Penachio and her partner, Francis Malara to file. Apparently this was not done.

The Offsets and information have been submitted to the Court. Documents were printed and sent directly to Attorney Al Togut 4/08/2024 and signed for by Mr. Togut, costing $991.00 for printing/binding and shipping via Federal Express. Mr. Togut was called, yet, he did not respond. It is interesting that he started his business 40 years ago, which was also the timing of our purchase of 15 East 63rd Street, and he would be familiar with that Time Period. Mr. Togut chose not to communicate, and did not return my call.

As an Owner of 15 East 63rd Street, NYC 10065, since 1984, I have rights that have not been respected by your Court. Your Order of 4/23/2024, was never sent to me. Accordingly, I am not subject to your Chapter 11 Jurisdiction.

The intentionally 'Brutal Seizure' of the Joint Property held with my sister, was unnecessary, and the Marshal's service on 4/30/2024 - Passover - was reminiscent of Germany in the 1940's, it was violent and not applicable. To be seized by 8 Marshals and placed on the street was demeaning and unnecessary. I was advised to go to a shelter.

Attorney Anne Penachio was fired by her client Peggy Nestor, for cause on Saturday 4/27/2024. On Tuesday 4/30/2024, Passover, the 7 male US Marshalls and 1 female US Marshall broke all the locks, and several antique doors in a building that I purchased with my sister, Peggy Nestor, 2/23/1984. The brutality was unprecedented, and unnecessary.

Attorney Penachio, apparently sent an e mail to my sister Peggy, at around 10:00 AM, after the fact, on 4/30/2024 stating that Mr. Berger had been there with the Marshals. My niece, Peggy and I and Mickey and Chicklet were sitting on the outside steps. It was demeaning and embarrassing after being in the neighborhood for forty years. I was advised to go to a Shelter.

With all due respect to Your Honor, I am not under your Jurisdiction, and not a member to the Chapter 11 Bankruptcy organized by the Penachio/Malara Law Firm.

Accordingly, your Order does not apply to me.

Regarding removal of Occupants in the Rent Stabilized building does not comply with the New York State Laws regarding Rent Stabilization.

This would be illegal as per New York Law.

### Regarding your Background Comments :

I was married to my only husband, Oleg Cassini November 11, 1971. A copy of my Marriage Certificate of over 50 years was presented in papers filed with Your Honor's Court.

Everything in the Nassau Surrogate's Court is on Appeal, as well as a Rico Proceeding.

Regarding 2014, I voluntarily stepped aside temporarily as Executor, and on November 24, 2015, prior to leaving office, Surrogate Edward McCarty III wrote in words and substance that : *"Nothing is due from Marianne, as she is owed so much"*. **Exhibit 1.**

Three days later, 11/27/2015, in contempt of a sitting Judge's Orders, Farrell Fritz, in the person of Robert Harper, placed 2 duplicate liens of approximately $1,041,336.00 in the name of former PA Jeffrey DeLuca on the 15 East 63rd Street Property. Robert Harper is in Contempt of Court and confessed to this 7/13/2016 at a meeting in the Nassau County Courthouse. **These liens are false.**

Additionally, the $57, million dollar attachment order, was vacated by the Appellate Division 2nd Department on February 13, 2020. Gemeaux Ltd. holds no ownership in the Real Property of 15 East 63rd Street, NYC 10065.

Additionally, Judge Verna Saunders 9/29/2020, ruled that my 50% interest should be returned to me, and the Mahon/Kerins Team signed off that they were owed nothing. This information is contained in the May 13, 2024 filing to Your Honor.

Regarding a $57, Million Lien, which was Vacated by the Appellate Division 2 on 2/13/2020, the Vacature of the $57, million dollar lein was vacated by the AD2, four Judges on 2/13/2020. No subsequent hearing happened, and the Rico Case is still current. All Nassau Surrogate matters are either on Appeal with the AD2 or are addressed in a Federal Rico Case.

## Exhibit 2

The funds for refinance were and are in place, in documents sent and re-sent to Your Honor May 13, 2024, and are still available . **Exhibit 2**

The Law Firm Penachio & Malara failed to act.


Regarding Ownership of 15 East 63rd Street, Attorneys Penachio & Malara confirmed that: *As per New York State Law, only a Filed Deed applies.* Accordingly, Acris filed Deed as of 9/29/2020, is the final Deed. **Exhibit 3**

Accordingly, the final and only Deed is 2/23/1984, which was returned 9/29/2020, after my 50% held in the name of the PA for 690 days on a credit bid, was returned to me by Judge Verna Saunders, contained in the Letter to Your Honor filed 5/13/2024.

*Attached Letter herein as:* **Exhibit 2** .

All Bequests to my husband's Will were completed October 14, 2011.

Daria Cassini was euthanized on the Order of her half sister Christina 9/11/2010.

Her death is under investigation with the DA of Delaware County, Pa.

The Manner of death of Daria was ruled a Homicide by Dr. Michael Baden,

former Chief Medical Examiner of New York City. (Riggs 1889 -Slayers Rule NY Law)

## Regarding Page 8 Paragraph 2 of Your Honor's May 13, 2024 Document :

Oleg Cassini, my husband since 1971, never had an ownership interest in the property at 15 East 63rd Street. It is the primary residence of Peggy Nestor for 40 years since 1984.

The building is owned by Peggy Nestor and Marianne Nestor as Tenants in Common since the Judge Verna Saunder's Order of 9/29/2020, when my 50% share was returned to me and the name of the PA was removed. The PA's name was on the property for 690 Days, The Order of the AD2 February 13, 2020, vacated both the PA's 50% ownership as well as the 7/1/2016 Receiver Order.

The Document is contained in full in the letter of May 13, 2024 to Your Honor.

## Exhibit 2,

I did not reside at 15 East 63rd Street until recently, after my property in Oyster Bay Cove of 43.5 acres was stolen and sold at one third of its appraised value of $30, million in 2007. It was sold at one third of its value to the next door neighbor by Ms. Baiamonte, whose illegal appointment was specifically vacated by the AD2 on 2/13/2020.

The Property is currently under development at $1 Million an acre with 2 acre zoning, which will make the property value sale of $80, million. My husband and I purchased our 43.5 acre property together first day of Spring 1978 from funds we earned together from a license I had developed with Burlington Industries for Cassini Tabletop and Home Furnishings Collections.

My companies, OCI, CPL and Gemeaux Ltd. resided at 15 East 63 Street for decades.


Page 8 of your Honor's Order Paragraph 3: Regarding $225 K, August 2023.

Your Honor stated in a conference that this was pre -11 money.

This is True. This related to damages due from the FEMA Wild Fire in Malibu, Ca. November 2018. The building exploded in the fire and the land was marked as Toxic.

However, the property was rebuilt and sold in 2022 for $10, million.\

All monthly reports were done by Anne Penachio at her insistence.

Attorney Penachio received all information on time. September 17, 2023 she stated in an e mail that she was filing May, June July, August - as per e mail from Daniel, she had not filed May, June or July. She was probably very busy. Many meetings were not advised as to what happened and what was happening.

In August 2023, a Letter of 8/23/2023 regarding the refinance of $25, Million Dollars, showing the Funds are ready to pay off Lynx Assets was sent and addressed to Your Honor. Please see attached Exhibit included with Letter of May 13, 2024 : and Letter of May 2, 2024, **Exhibit 2** ,

Many times requests were made to complete and exit the business Chapter 11,

Ie: "May we please close" In the meantime, the interest on the loan was multiplying. Ms. Penachio has copies of the checks Gemeaux Ltd. was paying, on time, to Lynx Assets, prior to the Hostile Takeover.

**24.** April 26, 2024, a male voice on the intercom to my young niece, stating he wanted to have the door opened as he wanted to deliver papers to me, Marianne Nestor. She said that she couldn't accept anything, and the person stated that he was going to break the door down, which greatly frightened her.

**25. 8 AM April 30 2024, - Passover - Neil Berger, who refused to identify himself, in a Gestapo manner, all force order, arrived with 8 Marshalls breaking all the locks and creating much damage to our property, desperately scaring my niece, putting us on the street, her in bare feet, and me in a bathrobe. I was afraid I would be thrown down the stairs and be killed. I was grabbed by my arm which had surgery and I was screaming in pain. This wasteful activity and 'Fear Tactics' must have cost the Court and NY State a lot of expense, A simple meeting could have resolved everything. Mr. Togut did not respond to my delivery of papers, as requested, and my phone call to speak and/or meet.**

26.  It incomprehensible that a Trustee should be in possession of my property when I am not part of any Chapter 11 Proceeding and not under the Jurisdiction of Your Honor's Court.  Regarding Sotheby's, I spent one full day into evening from 10AM to 7PM with them taking pictures.  Sotheby's, in the person of Louise Beit, was contacted by Peggy in June of 2023.  Your Honor's decision to use them was December2023 /January 2024.

To give Sotheby's keys to a property where my personal possessions, art, furniture, is outrageous and unacceptable in the United States.  These are Breaches of the 8th and 4th Amendments to the Constitution.

I, as well my nieces and family, need access to our property and  possessions.  This is theft, defamation, harassment, and mysogenistic.

I was not served with anything by 'Team Togut' as Mr. Berger calls himself. Apparently, Mr. Berger is a close friend of Attorney Penachio, and she stated, "I will make more money with a Trustee".

I have not received copies of any Court's prior orders and I am actually not involved with this Court, or under Your Honor's Jurisdiction.

As per New York Law and confirmed by Attorney Penachio, who is not my attorney, and does not represent me, that only a filed deed represents ownership.  My 50% Ownership of 15 East 63rd Street was returned to me 9/29/2020, by Judge Verna Saunders after the Appellate Decisions and Orders 2/13/2020.

Please see Acris registered Deed attached.  <u>Exhibit 3</u>

The So/Ordered Stipulation is contained within my Letter dated May 13, 2024 and date stamped May 14, 2024.  <u>Exhibit 2</u>

In your papers, Your Honor, you stated that there was no Appeal from the Order appointing a Trustee, the Penachio Malara firm was deficient in not filing an Appeal for Peggy Nestor. I was never allowed the opportunity to file an appeal as I was never notified of your Order by anyone. You indicated that I should go to District Court, Foley Square and file an Appeal. You stated there are forty days to do so.

I am making this final effort with you, to reconsider your position, in light of the Document rendered re: Judge Verna Saunders, which was filed by letter dated May 13, 2024, date stamped May 14, 2024. <u>Exhibit 2</u>

Your Honor, I am hereby respectfully requesting keys to my property of 40 years, to permit me and others unobstructed Egress and Ingress to the premises, pay any and all amounts for damages, and otherwise caused to me and other invited tenants and Guests which occurred as a result of the unlawful forcible intrusion to my property. Additionally, my niece needs to have her property and not be frightened in her home.

Your consideration is appreciated,

Respectfully,

Marianne Nestor Cassini

**EXHIBIT 1**

**November 24, 2015 Order from Nassau Surrogate McCarty**

Whatever the appropriate determination of the foregoing, there is no possible rejoinder to Marianne's argument of the obvious - her 50% share of the estate far exceeds these sums. While not condoning what occurred, the court sees no useful purpose in directing Marianne to return funds she would end up being entitled to anyway. During the course of his administering this estate, the Public Administrator may rectify this inequality when distributing the assets between the beneficiaries.

The motion is denied.

This constitutes the decision and order of the court.

Dated: November 24, 2015

EDWARD W. McCARTY III
Judge of the
Surrogate's Court

**Exhibit 2**


**Letter of May 13, 2024 - Date Stamped May 14, 2024 -**

# CASSINI

HONORABLE JUDGE MICHAEL E. WILES
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

FILED
U.S. BANKRUPTCY COURT
2024 MAY 14 P 12: 40
S.D.N.Y.

May 13, 2024
Regarding 15 East 63rd Street, NYC, NY 10065

Your Honor, Judge Wiles,

Thank you for your time and patience, on May 8th, 2024, at the meeting in your Courtroom.

Regarding property ownership, the last recorded deed to 15 East 63rd Street, and important information was not considered, and of which your Court should be made aware:

1). **Exhibit One** : Order of New York Supreme Court Judge Verna Saunders, 9/29/2020, who dismissed the PA's complaint and cancelled the Notice of Pendency recorded 1/30/2019, illustrating the credit bid purchase of 9/12/2018, by the Public Administrator, Jeffrey DeLuca, of $6, Million Dollars. The Credit Bid was Voided by the Orders of the AD2, 2/13/2020.

2) **Exhibit Two** : It should be noted that the $6, Million Dollar credit bid was based on a judgment of Nassau Surrogate Reilly of $50, Million Dollars against me, (sole beneficiary and wife since 1971). All Bequests of my husband were completed by 10/14/2011. This judgment was vacated by the AD2 on 2/13/2020, as was the 7/1/2016 Receivership Appointment of Ms. Baiamonte, Exhibit Two.

3) It should be noted, as well, that $30,Million of the $50,Million judgment was based upon my being Sole Beneficiary of an IRA of $660,K since 1996. The Bank, US Trust, sent the monies directly to me. These funds were used to support my businesses, OCI and CPL, to pay funeral expenses, and for a celebration of Oleg's life on his birthday at the St. Regis on April 11, 2006. This garnered much positive press, future President Donald Trump spoke about me and my husband, Oleg, in a very positive manner.

4) The $6, Million dollar credit bid was not paid. The $300,000. Poundage was borrowed through Surrogate Reilly from funds belonging to my company, OCI, in spite of signs posted by the Sheriff's Office, at 66 John Street, 13th, Floor,"*All funds including Poundage and Principal must be paid within 3 days of a sale*". Mr. DeLuca signed that he understood. Neither Poundage nor Principal was paid within 3 days of the credit bid auction.

5) **Exhibit Three**: Jeffrey DeLuca, PA, retired after an Audit, November 2018. His name was placed on the Deed, after he had retired. It remained that way until 9/29/2020, when the Order of J Verna Saunders was filed, Exhibit One. The name of the PA was on the property for 690 Days - and on all bills including water and taxes. Nothing was paid by the PA, or Attorney for the PA. In fact, the illegal takeover by the PA caused the Lynx business loan problem. Approximately, $4,Million dollars, plus, was due from the PA.

6). An Investigation was undertaken by the FBI, (Melville, NY). The file is available, as well as the phone number of the Special Agent.

7). After the Order of J Verna Saunders, 9/29/2020, (Exhibit One), and Quiet Title, the Original Deed of 1984 was returned and filed at 66 John Street, 13th Floor. This Deed, filed 9/29/2020 supersedes any and all Deeds from 2017. It is a Court Order.
**My 50% Ownership of 15 East 63rd Street returned to me on 9/29/2020.**
It is important to note that this a Rent Stabilized building with 7 apartments, of which 50% belong to me.

8). **Exhibit Four**: Letter of 5/2/2024. Accordingly, Your Honor, it would be important, for you to reconsider, my letter of 5/2/2024, showing C of O and 1984 Original Deed which returned after Quiet Title filed: 9/29/2020.
When the building was purchased in 1984, all fireplace surrounds, paneling, and other important items, including chandeliers, special hardware, attached, etc. were purchased, separate and apart as Personalty. The Tax for purchases was paid to NY State for several hundred thousand dollars and all Personalty belongs to me
I do not wish to sell my Personalty.

Additionally, my request regarding Paragraph Four, Exhibit Four, is renewed.
I need the key to a property of which 50% belongs to me, personally.
I am not in Chapter11 nor under its Jurisdiction.

Accordingly, Mr. Togut & his Team have no right to attempt to sue me, and have me '*put on the street*'. The Property, 15 East 63rd Street, is an Owner Occupied Rent Stabilized Building in NYC, which has its own very specific rules.

The brutal seizure by six armed male Federal Marshals and one female, on Passover, April 30, 2024, was unwarranted, unnecessary, and frightening as well as wasteful of the Court's Resources. To be thrown on the street in a bathrobe, told to go to a Shelter, my niece in bare feet, and my sister, Peggy, was horrifying beyond belief on the Order of a Full Force Seizure breaching both the 4th & 8th Amendments to the Constitution. I was brutally grabbed by my arm, where I had surgery, I was screaming in pain.

We were outside in the cold, and, a very tall man walked in past the Marshals, through the doors, when I asked "*What is your name*", he refused to speak. One of the Marshals, who brought my purse downstairs, stating there were three Dollars in my wallet, (told me that the name of the person who ordered the full brutality break in, was Neil Berger). The first noise started with men shouting, banging and breaking doors within the building where they had already entered by somehow breaking-in from the street, without notice. A lot of damage was done. My young niece called 911, however, we learned that on the Berger Orders, they were frozen from coming, as advised by a Federal Marshal.

Anne Penachio Esq. mistakenly put a Business Chapter 11 into a personal bankruptcy, whilst the funds to pay Lynx were ready last year and currently, standing by to pay off the Gemeaux Ltd. corporate business loan. All of this could have been avoided by having a meeting with Mr. Togut and Mr. Berger, whom she stated on a number of occasions were personal friends in the White Plains/Westchester Legal community, taking the train with her in years gone by.

9). All requested information was sent to Mr. Togut, April 1st, and Documents were signed for by Mr. Togut, personally, on April 8th. I called and there was no response from Mr. Togut. (As stated, the payment for the printing and binding and delivery by Federal Express amounted to $991.00),

This positive effort deserved a meeting, not a brutal and impatient '*All force break in and lock out*'.

10).  I am fearful that property belonging to me, my sisters and two nieces will be removed and stolen by the forces occupying my property.  I have valuable furniture, art, clothing, antiques and documents belonging to me at my property, 15 East 63rd Street.  In the last 50 years, I have purchased personally and through an Art Gallery where I was on the Board of Directors, from Briest, France; Christies USA & UK; Butterfield, Ca.; Sotheby's NY & London; Stair Galleries NY;  Soufer Gallery NY, Charles Winston Gallery, Hampton Estate Sales, etc.

I travelled from Moscow to Machu Picchu, ( I bought many Cuzco paintings in Peru as well as Russian Icons in Moscow), collecting Art and Furniture, and along the way I became fluent in Spanish, French, Italian, and English and became cognizant of history.

I was still a Teen Model launching Cover Girl Cosmetics, in fact, when Oleg and I met in Paris over lunch, we spoke French and discussed the Battle of Tour/Charles Martell . We challenged each other and we were both correct.  Oleg later suggested we have ten dates and see if we will just remain friends, the rest is History.

In closing, Your Honor, I look forward to your review, and, comments, and to re-entering my property, along with my family.  Thank you for your consideration.

Please put this on your calendar as urgent for a hearing, and please order the immediate execution of number four on the letter dated May 2, 2024, attached, as Exhibit 4.

Thank you very much.

Respectfully, and, Sincerely,

Marianne Nestor Cassini

**<u>Exhibit One:</u>**

Order of NY Supreme Court Judge Verna Saunders 9/22020 Dismissing the Complaint
cancelling the Notice of Pendancy  recorded 1/20/2019.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. VERNA L SAUNDERS** | **PART**      IAS MOTION 36 |
| | *Justice* | |

-------------------------------------------------------------------X

BRIAN CURRAN

                    Plaintiff,

            - against -

PEGGY NESTOR,

                    Defendant.

-------------------------------------------------------------------X

**INDEX NO.**      151042/2019

**MOTION SEQ. NO.**      002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57

were read on this motion to/for              DISMISSAL           .

     Motion Sequence 002, a motion to dismiss plaintiff' complaint and cancel the notice pendency recorded on January 30, 2019, is resolved pursuant to the So Ordered Stipulation annexed hereto.

     This constitutes the Decision and Order of the Court.

____September 29, 2020____

HON. VERNA L SAUNDERS, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

151042/2019  CURRAN, BRIAN vs. NESTOR, PEGGY
Motion No.  002

Page 1 of 1

1 of 5

At the IAS Part 36 of the Supreme Court
of the State of New York, held in and for the
County of New York at the Courthouse
thereof, 111 Centre St, New York, New
York on the 29 day of September, 2020

PRESENT: HONORABLE VERNA L. SAUNDERS, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
BRIAN CURRAN, PUBLIC ADMINISTRATOR OF
NASSAU COUNTY, AS ADMINISTRATOR CTA OF THE
ESTATE OF OLEG CASSINI, DECEASED

                        Plaintiff,
        - against -

PEGGY NESTOR,

                        Defendant.
-------------------------------------------------------------------X
MARIANNE NESTOR CASSINI and PEGGY NESTOR,

                        Plaintiffs,

        - against -

BRIAN CURRAN, A PUBLIC ADMINISTRATOR
OF NASSAU COUNTY, AS ADMINSTRATOR
CTA OF THE ESTATE OF OLEG CASSINI,
DECEASED,

                        Defendant.


-------------------------------------------------------------------X

Index No. 151042/2019

**SO ORDERED STIPULATION**

Index No. 155755/2020

IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and between the

parties, each appearing through counsel, that these actions which involve real property known as

and located at 15 East 63rd Street, New York, New York 10065 (Block 1378; Lot 12) ("Subject

Premises") be settled and resolved upon following recitals:

1

1. The Subject Premises were acquired by Defendant PEGGY NESTOR and Marianne Nestor by Deed dated February 23, 1984 and recorded with the City Register on February 27, 1984 ("1984 Deed");

2. A Judgment against Marianne Nestor (also known as Marianne Nestor Cassini) in the amount of $50,939,988.48 was issued by the Surrogate's Court of Nassau County on or about January 3, 2018 ("Judgment"));

    a. A Transcript of Judgment was recorded and filed in the Office of the County Clerk, County of New York on or about January 5, 2018 which was subsequently amended;

3. Upon an auction by the Sheriff of the Subject Premises held on September 12, 2018, JEFFREY DeLUCA, PUBLIC ADMINISTRATOR OF NASSAU COUNTY, AS ADMINSTRATOR CTA OF THE ESTATE OF OLEG CASSINI,, was the successful bidder and purchased Marianne Nestor Cassini's undivided 50% interest in the Subject Premises.

4. A Sheriff's Deed dated November 13, 2018 conveying Marianne Nestor Cassini's undivided 50% interest in the Subject Premises to Jeffrey DeLuca, as Public Administrator of Nassau County, as Administrator C.T.A. of the estate of Oleg Cassini, Deceased was recorded with the City Register of the City of New York on November 29, 2018 (CRFN 201800039488);

5. The Judgment thereafter was rendered voidable by Opinion and Order of the Supreme Court of the State of New York, Appellate Division, Second Department, dated February 13, 2020 (Matter of Cassini, Deceased) (D62044), which found the lower court should have granted an adjournment of the accounting trial in the interim accounting proceeding, which trial gave rise to the $50,939,988.48 monetary

2

judgment as against Marianne Nestor Cassini; and remitted the matter to the Surrogate's Court, Nassau County, for a new trial to be conducted expeditiously; and

**WHEREFORE,** in light of the Appellate Division, Second Department's Opinion and Order (¶5, *supra*), the Sheriff's Deed (¶4, *supra*) was rendered voidable;

**WHEREFORE,** rather than engage in protracted litigation regarding the claims and counterclaims in the above-referenced actions, the parties hereto have decided to request the Court order the following:

**ORDERED,** that the pending motion to dismiss (Motion Seq.2) by defendant Peggy Nestor in the case with index number 151042/2019, is hereby withdrawn; and it is further

**ORDERED,** that the Sheriff's Deed dated November 13, 2018 and recorded with the City Register of the City of New York on November 29, 2018 (CRFN 201800039488) be vacated as of the date of this Order; and it is further

**ORDERED,** that title to the Subject Premises be restored as held by and through the 1984 Deed (¶1, *supra*); and it is further

**ORDERED,** that no party hereto is required to pay any monies to any other party herein as monetary damages in either action, including but not limited to attorney's fees, costs and disbursements, and the attorneys for the parties shall sign Stipulations of discontinuance, with prejudice, of the above actions simultaneously with the instant stipulation; and it is further

**ORDERED** that the City Register of the City of New York is directed to cancel and set aside the Sheriff's Deed dated November 13, 2018 and recorded with the City Register of the City of New York on November 29, 2018 (CRFN 201800039488) for the Subject Premises known as and located at 15 East 63rd Street, New York, New York 10065 (Block 1378; Lot 12); and it is further

3

**ORDERED** that the City Register of the City of New York is to record this "So Ordered

Stipulation" against the foregoing property FORTHWITH.

Mahon, Mahon, Kerins & O'Brien, LLC
*Attorneys for Brian Curran, Public*
*Administrator of Nassau County, as*
*Administrator, CTA of the Estate of Oleg*
*Cassini, Deceased*
254 Nassau Boulevard S.
Garden City South, NY 11530
(516) 538-1111
robrien@mahonlaw.com

Jason J.
Rebhun, Esq.

Digitally signed by Jason J. Rebhun,
Esq.
DN: cn=Jason J. Rebhun, Esq., o, ou,
email=jason@jasonrebhun.com,
c=US
Date: 2020.09.25 14:08:06 -04'00'

Law Offices of Jason J. Rebhun, P.C.
*Attorneys for*
*Marianne Nestor Cassini and*
*Peggy Nestor*
225 Broadway, 38th Floor
New York, NY 10007
(646)201-9392
Jason@jasonrebhun.com

This constitutes the Order of the Court.

ENTER:
**SO ORDERED**

HON. VERNA L. SAUNDERS, J.S.C.

4

# CASSINI

EXHIBIT TWO

February 13, 2020, Decision and Orders of the Appellate Division Second Department Dismissing  Surrogate Reilly Decisions and Orders including her 7/1/2016 Unbonded Receiver Order.

LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.

ORDERED that the appeals from the orders dated November 14, 2017, and December 21, 2017, respectively, are dismissed; and it is further,

ORDERED that the order dated March 6, 2017, is reversed, on the law, the petitioner's motion to vacate the order dated July 1, 2016, is granted, the order dated July 1, 2016, is vacated, the matter is remitted to the Surrogate's Court, Nassau County, for a new determination of the objectants' cross motion to appoint a receiver, and pending the new determination of the cross motion, the receiver appointed pursuant to the order dated July 1, 2016, shall continue as temporary receiver; and it is further,

ORDERED that the amended order dated November 13, 2017, is reversed, on the law, the petitioner's motion to vacate and declare void all decisions, orders, and judgments entered after March 14, 2016, is granted to the extent that all decisions, orders, and judgments entered in all proceedings herein between March 14, 2016, and July 25, 2016, are vacated, and the motion is otherwise denied; and it is further,

ORDERED that one bill of costs is awarded to the petitioner.

ENTER:

Aprilanne Agostino
Clerk of the Court

Exhibit 2

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

The Estate of ————————————————————x

        OLEG CASSINI,

              Deceased.

**ORDER APPOINTING
RECEIVER**

File No. 342100
And All Subdivisions

PRESENT: HON. MARGARET C. REILLY ————————x

Upon all of the prior proceedings in this action/proceeding, it is

ORDERED, that, Rosalia Baiamonte, Esq., of Gassman, Baiamonte & Betts, P.C., located at 666 Old Country Road, Suite 801, Garden City, New York 11530, is hereby appointed Receiver; and it is further

ORDERED, that said Receiver is authorized to hire counsel, an accountant, auctioneer, appraiser, property manager or real estate broker (secondary appointees) with approval of this Court; and it is further,

ORDERED, that the parties are to provide the Receiver with keys to any property owned, in part or in whole, of the corporations; and it is further

ORDERED, that the Receiver shall serve without bond until further order of this court; and it is further

ORDERED, that the Receiver is to be paid, pursuant to CPLR §8004; and it is further

1

**ORDERED**, that the Receiver appointed herein shall continue her duties as such until the Receivership is terminated by Court Order.

Dated: July 1, 2016
Mineola, New York

**E N T E R :**

*[signature]*

HON. MARGARET C. REILLY
Judge of the Surrogate's Court

To: Rosalia Baiamonte, Esq.
Gassman, Baiamonte & Betts, P.C.
Attorneys for Plaintiff
666 Old Country Road, Suite 801
Garden City, New York 11530

Kenneth P. Mahon, Esq.
Mahon Mahon Kerins & O'Brien
254 Nassau Boulevard
Garden City, New York 11530

John J. Barnosky, Esq.
Robert Harper, Esq.
Farrell Fritz, P.C.
1320 RXR Plaza
Uniondale, New York 11556

Ms. Peggy Nestor
15 East 63rd Street
New York, New York 10065

Ms. Marianne Nestor Cassini
15 East 63rd Street
New York, New York 10065

# CASSINI

EXHIBIT THREE

Jeffrey DeLuca named on Bills including Water Bills, etc.



**NYC**
Environmental
Protection

Bureau of Customer Services
59-17 Junction Boulevard
Flushing, New York  11373-5108

Return Service Requested

Save Water
Printed on Recycled Paper

****AUTO**ALL FOR AADC 100      T21 P1 4102

A  D3  W  120  78001301B0001   B

JEFFREY DELUCA PUBLIC
15 E 63RD ST
NEW YORK NY 10065-7209

**GET A**
Sign up TOD
at

# CASSINI

EXHIBIT FOUR

Letter of May 2, 2024 Paragraph Four, for reconsideration.

# CASSINI

Honorable Judge Michael E. Wiles
United States Bankruptcy Court
One Bowling Green
New York, NY 10004

May 2, 2024

Regarding 15 East 63rd Street

Your Honor,

Thank you for taking the time for yesterday's meeting.

Regarding the property known as 15 East 63rd Street, I am attaching the following regarding my ownership of same:

1. <u>Exhibit One</u>: Deed showing Ownership 2/23/1984 as Marianne Nestor and Peggy Nestor.

2. <u>Exhibit Two</u>: Certificate of Occupancy Search showing seven apartments, all of which are Rent Stabilized, and Certificate of Occupancy, (C of O).

3. The Deed on file, (<u>Exhibit One</u>) with the City of New York, shows that I own 50% of 15 East 63rd Street NYC 10065 or 3.5 apartments in this rent stabilized building.

4. That as a result of the unlawful forcible taking of my property, perpetuated by the Trustee in contravention of the Order of this Court, I have been denied access to my real and personal property, all without right. Accordingly, I hereby request that this Court issue an Order directing the Trustee to 1) turn over the keys to the premises located at 15 East 63rd Street to me; 2) Pay any and all amounts for damages and otherwise caused to me and other invited tenants and/or guests which occurred as a result of such unlawful forceable taking; 3) to permit me and others unobstructed ingress and egress to the premises; 4) to cease and desist from any further enjoinment of my real and personal property.

5. I am advised that New York State Law maintains that only a filed Deed is Operative, and not a Promise.

# CASSINI

6. Additionally, your Honor, as presented as early as 8/23/2023, SME offered funding for the satisfaction of Lynx Assets, however, Attorney Pinachio did not act on it. <u>Exhibit 3</u>.

Your Honor, Kindly advise from whom and when I may pick up my keys.

Thank you, and Respectfully,

Marianne Nestor Cassini

# CASSINI

EXHIBIT ONE
Deed February 23, 1984
Marianne Nestor and Peggy Nestor Owners

Standard N Y B T U Form 8002* 11-80 70M - Bargain and Sale Deed, with Covenant against Grantor's Acts - Individual or Corporation (single shee

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

REEL **767** PAGE **1840**

**THIS INDENTURE,** made the 23RD day of FEBRUARY, nineteen hundred and eighty-four

**BETWEEN** KATHERINE BROWNE, residing at 8643 Holloway Plaza, Los Angeles, California 90069

party of the first part, and MARIANNE NESTOR and PEGGY NESTOR, having an address at 257 Park Avenue South, New York, New York 10010,

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 63rd Street distant 124 feet 6 inches Westerly from the corner formed by the inter-section of the Northerly side of 63rd Street and the Westerly side of Madison Avenue;

RUNNING THENCE Northerly parallel with ~~THE WESTERLY SIDE OF~~ Madison Avenue AND part of the distance through a party wall 100 feet 5 inches to the center line of the block, BETWEEN 63RD AND 64TH STREET

THENCE Westerly parallel with the Northerly side of 63rd Street 25 feet;

AND AGAIN
THENCE Southerly parallel with Madison Avenue part of the distance through ANOTHER party wall 100 feet 5 inches to the Northerly side of 63rd Street;

THENCE Easterly along the Northerly side of 63rd Street 25 feet to the point or place of BEGINNING.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

TAX MAP
DESIGNATION
Dist.
Sec.
Blk. 1378
Lot(s): 12

SST C/O
$5080




STATE OF NEW YORK, COUNTY OF N.Y. ss:

On the 23 day of FEBRUARY 1984, before me personally came

KATHERINE BROWNE    NO IN ORIGINAL

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

JOSEPH NUREMBERG
Notary Public, State of New York
No. 41-___
Qualified in ___ County
Commission expires March 30 1975

STATE OF NEW YORK, COUNTY OF ss:

On the    day of    19    , before me personally came

REEL 767 PAGE 1841

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that    executed the same.

STATE OF NEW YORK, COUNTY OF ss:

On the    day of    19    , before me personally came    , who, being by me duly sworn, did depose and say that    he resides at No.

that    he is the
of
the corporation described in and which executed the foregoing instrument; that    he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that    he signed h    name thereto by like order.

STATE OF NEW YORK, COUNTY OF ss:

On the    day of    19    , before me personally came    the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that    he resides at No.

that    he knows

to be the individual described in and who executed the foregoing instrument; that    he, said subscribing witness, was present and saw    execute the same; and that    he, said witness, at the same time subscribed h    name as witness thereto.

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE No. M 21033

KATHERINE BROWNE

TO

SECTION
BLOCK 1378
LOT 12
COUNTY OR TOWN NEW YORK
TAX BILLING ADDRESS 15 EAST 63 rd STREET

Recorded At Request of The Title Guarantee Company

RETURN BY MAIL TO

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
TITLE GUARANTEE-NEW YORK
A TICOR COMPANY

BOOTH, LIPTON & LIPTON
405 Park Avenue
New York, New York
ATT WILL SANSLER ESQ.    Zip No. 10022

RECORDED BY
LTIC ASSOC., INC.
41 East 42 Street
NEW YORK, N.Y. 10017
599-2170

OFFICE OF CITY REGISTER
New York County
RECORDED
Witness my hand and official seal

84 FEB 27 1 P 2:17
OF REGISTER N.Y. COUNTY
KATING CITY REGISTER

FEB 27 1984
REAL ESTATE TRANSFER TAX
NEW YORK COUNTY
$3,508.11

REG. FEE $5082

# CASSINI

EXHIBIT TWO

Certificate of Occupancy Search showing seven apartments, all Rent Stabilized

15 EAST 63RD STREET NYC 10065

# R E D [ V I S I ◉ N ]

585 Stewart Avenue, Suite L-50, Garden City, N.Y. 11530
T. 516.663.0600 F. 516.663.0650

## Certificate of Occupancy Search

**TITLE #:** TP127048

**PREPARED FOR:** TITLEPRO AGENCY, LLC (TLTPRO)

**DATE:** 12/27/2016
**ORDER ID:** 11291613

## PREMISES:

15 EAST 63 STREET

**STATE:** NY **COUNTY:** NEW YORK

**Block:** 1378 **Lot:** 12

**A search of the Building Department records in reference to the above mentioned premises has revealed the following information:**

Certificate of Occupancy #90674 issued on 7/28/1987 FOR A MEZZANINE AND FIVE STORY NON-FIREPROOF BUILDING; SEVEN APARTMENTS.

Building Department records indicate that the following plan(s) have been indexed/filed against the above premises: ALT#874/1989 (NO RECORDS FOUND AS PER CITY PERSONNEL)

Building Permit ALT#103169358 **Approved** 9/1/2004 FILED FOR BIZ APP NUMBER. APPROVED UNDER ALT#874/1989. COMBINE SECOND FLOOR APARTMENTS INTO PART OF TRIPLEX WITH FIRST, SECOND AND MEZZANINE FLOORS. ENLARGE REAR OF CELLAR IN CONJUNCTION WITH TRIPLEX APARTMENT.

New Certificate of Occupancy is Required.

Not Signed-Off.

The above information was abstracted from computer records. The actual plans were not found.

RedVision does hereby certify that the records of the above-mentioned municipality or governmental agency were examined, and the information reported herein is a true and accurate abstract of the information within those records, as of the posting date provided by the municipality or governmental agency, and



B Form 24 (Nov. 1937)

### THE CITY OF NEW YORK

# DEPARTMENT OF BUILDINGS

# CERTIFICATE OF OCCUPANCY

DATE JUL 28 1961     NO.     90674

AMENDED

BOROUGH MANHATTAN

ZONING DISTRICT R-8

This certificate C.O. No. 40257

THIS CERTIFIES that the above altered existing building premises located at     Block 1378     Lot 12
13 East 53rd Street

CONFORMS SUBSTANTIALLY TO THE APPROVED PLANS AND SPECIFICATIONS AND TO THE REQUIREMENTS OF ALL APPLICABLE LAWS, RULES AND REGULATIONS FOR THE USES AND OCCUPANCIES SPECIFIED HEREIN.

#### PERMISSIBLE USE AND OCCUPANCY

| STORY | LIVE LOAD LBS PER SQ FT | MAXIMUM NO. OF PERSONS PERMITTED | ZONING DWELLING UNITS | BUILDING CODE OCCUPANCY GROUP | ZONING USE GROUP | BUILDING CODE CONSTRUCTION GROUP | DESCRIPTION OF USE |
|---|---|---|---|---|---|---|---|
| Sub-cellar | on ground | | | | | | H.V. Steam heat and storage |
| Cellar | 75 | | | | | | Storage |
| 1st story | 75 | | | 3 | 2 | | One third (1/3) apartment |
| 2nd story | 40 | | | 3 | 2 | | One (1) apartment and one third (1/3) apartment |
| Mezzanine | | | | 1 | 2 | | One third (1/3) apartment |
| 3rd & 4th | 40 ea. | | | 4 | 2 | | Two (2) apartments each story |
| 5th | 40 | | 1 | 5 | 2 | J-2 | One (1) apartment on each story |

Sprinkler System approved by Fire Department April 4, 19...

Class "A" Converted Dwelling

OPEN SPACE USES ..................... (SPECIFY - PARKING SPACES, LOADING BERTHS, OTHER USES, NONE. )

NO CHANGES OF USE OR OCCUPANCY SHALL BE MADE UNLESS A NEW AMENDED CERTIFICATE OF OCCUPANCY IS OBTAINED.

THIS CERTIFICATE OF OCCUPANCY IS ISSUED SUBJECT TO FURTHER LIMITATIONS, CONDITIONS AND SPECIFICATIONS NOTED ON THE REVERSE SIDE.

BOROUGH SUPERINTENDENT     COMMISSIONER

☐ ORIGINAL     ☐ OFFICE COPY - DEPARTMENT OF BUILDINGS     ☐ COPY

THAT THE ZONING LOT ON ... THE PREMISES IS LOCATED IS BOUNDED AS FOLLOWS:

BEGINNING AT A POINT ... North ... side of East 63rd Street

125'-0" West ... ft. from the corner formed by the intersection of

running along North Madison Avenue ... and ... East 63rd Street

thence ... feet; thence West 25'-0"

South 100'-5" ... feet; thence East 25'-0"

thence ... feet; thence

to the said point of beginning. ... feet; thence

Class AA Converted Dwelling ... DATE OF COMPLETION 8/24/87 ... Class 5-8.F.P.

GROSS ... 7½

STORM DRAINAGE DISCHARGES INTO:
[ ] (A) SEWER  [ ] (B) COMBINED SEWER  [ ] (C) PRIVATE SEWAGE DISPOSAL SYSTEM

SANITARY DRAINAGE DISCHARGES INTO:
[ ] (A) SEWER  [ ] (B) COMBINED SEWER  [ ] (C) PRIVATE SEWAGE DISPOSAL SYSTEM

AUTOMATIC SPRINKLER SYSTEM  YES  NO



**ICC**
ASSOCIATES

Ian Coutts
3162 Commodore Ave.
Miami, FL 33133
iancoutts@icc-associates.com
305-458-7580

**U.S. Bankruptcy Court**
**Southern District of New York (Manhattan)**
**Bankruptcy Case #: 23-10627-mew**

**RE: Bankruptcy Plan Relating to Peggy & Marianne Nestor**

Honorable Judge Wiles,

I write on behalf of ICC Associates ("Advisor"), who is collaborating with SME Capital Ventures ("Lender") to participate in the Bankruptcy Plan concerning Peggy & Marianne Nestor ("Debtors"). This pertains to the Real Property situated at 15 E 63rd Street, New York, NY 10065 ("Subject Property").

Our primary intention with this correspondence is to present the attached term sheet from the Lender. We would like to emphasize that we are actively exploring the possibility of enhancing the loan proceeds, contingent upon a comprehensive due diligence process and a clear understanding of the Bankruptcy Court's and Creditors' expectations. The attached term sheet delineates the preliminary loan amount that the Lender is prepared to extend. Please note that the Lender is committed to revising this amount upwards, provided they obtain additional documentation and insights about the feasibility of the plan.

Should a Refinancing be finalized with the Lender regarding the Subject Property, it has been agreed that the Advisor will be entitled to a fee amounting to two percent (2%) of the loan amount.

We appreciate the court's attention to this matter and are available to provide any further information or clarification, should it be required.

Best Regards,

*Ian Coutts*

Ian Coutts
ICC Associates, Inc.
Managing Partner



July 31, 2023

15 E 63rd Street
c/o Catapult Equities LLC
**VIA EMAIL**

## <u>RE: 15 EAST 63RD STREET NEW YORK, NY</u>

Please accept this term sheet, as an offer from SME Capital Ventures (the "Lender") to finance the above-mentioned premises. The property will be financed on the following business terms, subject to the completion of due diligence and an execution of loan documents in the form and substance satisfactory to the parties involved:

| | |
|---|---|
| Loan Amount: | Twenty-Five Million Dollars ($25,000,000.00) (the "Loan") subject to a minimum of 12,476, above-grade interior net sellable residential Square Feet funded after a so ordered Bankruptcy plan confirmation. |
| Subject Property: | 15 E 63rd Street, New York, NY (the "Property") including the real property and improvements. |
| Borrower: | A "Special Purpose Entity" (the "Borrower") owning (directly or indirectly) 100% of the equity interests in the entity that owns the Property (the "Property Owner"). |
| Collateral Type: | Investment Property (Condo Inventory Loan) |
| Interest Rate: | The Interest Rate shall be a floating rate equal to 1-Month Term SOFR (with a floor rate that prevails on the date of the closing) plus Eight (8.00%) per annum. Interest shall be payable monthly and calculated on an actual 360-day basis. |
| Closing: | On or about; September 15, 2023 |
| Security: | A Priority First Position Mortgage, A Mezzanine Loan, 100% pledge of equity interests in the Property Owner, and such other customary items as shall be required by Lender to secure Loan. Bankruptcy-remote entity as Borrower with no prior filings and subject to the appointment of independent managers within each Borrower entity. |
| Good Faith Deposit: | Seventy-Five Thousand Dollars ($75,000) which shall be used towards Lender's reasonable out of pocket expenses associated with the Loan. |
| Amortization: | Interest Only |
| Loan Term: | Twelve (12) months. (the "Initial Term"). The Borrower may have two (2) options to extend the term of the loan for an additional six (6) months subject to no outstanding defaults on the Loan and each extension subject to a fee equal one percent (1.00%) of the Loan and a replenishment of Interest Reserve for the Extension Period, paid upon execution of each extension option. |
| Zoning Opinion: | None |



| | |
|---|---|
| Interest Reserve: | 12 Months to be held by Lender from the Loan proceeds and automatically applied by Lender to the first 12 monthly interest payments due and payable under the Loan (~$3,250,000) |
| Origination Fee: | One and Three Quarters of One Percent (1.75%) of the Loan amount paid upon execution of loan documents disbursed from the Loan proceeds. |
| Prepayment: | Shall mean the aggregate sum of interest-only Total Loan Debt Service which would have been due to Lender under the Total Loan for a period of twelve (12) months (as if the Maximum Loan Amount had been advanced for a period of twelve (12) full months), calculated based upon the higher of; (a) the Note Rate applicable as of the date of Closing (b) the Note Rate at the time of payoff of the Loan, and not in any event at the Default Rate. |
| Environmental: | SME Capital Ventures will not lend on environmentally impaired properties. Borrower shall provide third-party environmental reports and other customary diligence requested by Lender regarding the environmental status of the Property. |
| Insurance: | The Borrower shall maintain at all times, at the Borrower's sole cost and expense, policies of liability and property (including business income coverage) insurance, and other insurance required by the senior lender under the definitive senior loan documents. |
| Real Estate Taxes: | Paid current simultaneously with the Closing and reserving 12 months of future real estate taxes at Lender's sole and absolute discretion to be held by Lender from the Loan proceeds. |
| Guaranty: | The Lender shall have customary recourse for "bad acts" against the principals (the "Guarantor") including, but not limited to, instances of fraud, misrepresentation, misappropriation of funds, gross negligence, willful misconduct, removal or disposal of property of Borrower or the Property after a default, unauthorized additional financing, unauthorized transfer of title or transfer of ownership of Borrower (subject to certain permitted transfers to be set forth in the definitive loan documents) or voluntary bankruptcy of Borrower. Guarantor shall also deliver an environmental indemnity, carry and interest guaranty from the Borrower and Guarantor. |
| Disclaimer: | This Term Sheet is a commitment offer subject to, and conditioned upon, completion of all due diligence and execution of legal documentation to the satisfaction of the Lender and its counsel, including a review and approval of all Property-related documents including without limitation, title reports, insurance policies and/or certificates, surveys, engineering and property condition report, environmental reports, operating statements and tenant and lease information. If, prior to the proposed disbursement of the Loan, any fact or circumstance concerning or affecting the Property, the project, the Borrower, or any Guarantor varies materially from information |



previously submitted to or received by us in our sole discretion, we shall have the right to refuse to consummate the Loan.

**Governing Law:**

The terms hereof shall be governed by the laws of the State of New York.

**Exclusivity:**

Borrower hereby expressly agrees and acknowledges that (a) Lender is devoting its personnel and financial resources to the consideration of the Loan; (b) in Lender's industry, business opportunities are limited and extremely competitive; (c) compensation to the Lender, in the event Borrower obtains financing from a source other than Lender, would be extremely difficult to calculate; (d) Lender cannot, as a result of this underwriting and analysis, commit its resources to other potential transactions and may be deprived of business opportunities thereby; and (e) Lender may suffer negative impact in the industry in the event the Borrower does not complete this proposed transaction or obtains financing from a competitor of the Lender. Accordingly, Borrower hereby expressly agrees to work exclusively with Lender to procure the Loan and agrees not to, and will cause its principals and affiliates not to, obtain or attempt to arrange financing in connection with the Property with any party other than Lender unless Lender otherwise confirms to Borrower that it does not intend to proceed with closing the Loan or the term sheet otherwise terminates in accordance with the terms hereof. The exclusivity period in this paragraph shall run until the earlier of (i) the date that Lender confirms to Borrower that it does not intend to proceed with closing the Loan or the term sheet otherwise terminates in accordance with the terms hereof, and (ii) September 30, 2023 (the "End Date"). If prior to the End Date Borrower or an affiliate or controlled entity of Borrower (a) obtains financing for or related to the Property from a source other than Lender (including joint venture equity, but excluding (for the avoidance of doubt) the senior loan currently encumbering the Property), or (b) sells, assigns or otherwise conveys the Property or its equity interest in the Property Owner, then Borrower shall be obligated to pay and Lender shall be deemed to have earned a break-up fee in the amount of (i) 2.00% of the Loan amount and (ii) the total out-of-pocket costs of the Lender in connection with underwriting, allocating and attempting to consummate the Loan (inclusive of breakage fees and costs of committed capital) and reasonable attorneys' fees and disbursements related to the Loan and this Term Sheet (collectively, the "Break-Up Fee"), which break-up fee constitutes a reasonable estimate of Lender's damages and which break-up fee shall constitute liquidated damages. Borrower shall also be responsible for Lender's reasonable legal fees and costs in connection with the recovery of the Break-Up Fee. This foregoing exclusivity provision and obligation to pay the Break-Up Fee are in consideration for Lender issuing this Term Sheet and shall be binding upon Borrower and shall survive the termination or expiration of this Term Sheet. The Break-Up Fee shall be due and payable to Lender within ten (10) days of written demand for payment by Lender.

**Expiration:**

This Term Sheet shall be null and void unless SME Capital Ventures receives an executed counterpart hereof signed by the Borrower along with the Deposit on or before August 4 2023.

DocuSign Envelope ID: AD9C67B7-F90C-4C00-93F8-BEB57AAF4486



Lender:
SME CAPITAL VENTURES

By: _____
Eran Silverberg
Authorized Officer

Accepted and agreed:
Borrower

By: _____
Print Name:
Principal

Guarantor:

By: _____
Print Name:

By: _____
Print Name:

**Exhibit 3**

**Acris Certified Deed**

New York City Department of Finance
**Office of the City Register**

HELP
[Click help for additional instructions]
Selecting a help option will open new window

**Current Search Criteria:**

**Borough:** MANHATTAN / NEW YORK
**Block:** 1378
**Lot:** 12   **Unit:** N/A
**Date Range:** To Current Date
**Document Class:** All Document Classes

# Search Results By Parcel Identifier

Records 1 - 10 << previous  next >>   Max Rows  10   [Search Options ] [New BBL Search] [Edit Current Search] [View Tax Map]
[Print Index]

| View | Reel/Pg/File | CRFN | Lot | Partial | Doc Date | Recorded / Filed | Document Type | Pages | Party1 | Party2 | Party 3/ Other | More Party 1/2 Names | Corrected/ Remarks | Doc Amount |
|------|-------------|------|-----|---------|----------|------------------|---------------|-------|--------|--------|------|------|------|------|
| DET IMG | | 2021000396758 | 12 | PARTIAL LOT | 8/30/2010 | 10/8/2021 12:01:25 PM | ASSIGNMENT, MORTGAGE | 4 | EMIGRANT MORTGAGE COMPANY, INC. | BANK-MANHATTAN, EMIGRANT SAVINGS | | | | 0 |
| DET IMG | | 2020000297552 | 12 | ENTIRE LOT | 2/23/1984 | 10/26/2020 12:07:19 PM | CORRECT INDEX/DEED-OFFICE USE | 5 | BROWNE, KATHERINE | NESTOR, MARIANNE | | ✓ | ✓ | 0 |
| DET IMG | | 2020000277989 | 12 | ENTIRE LOT | 9/29/2020 | 10/9/2020 1:47:44 PM | COURT ORDER | 7 | CURRAN, BRIAN | NESTOR, PEGGY | | | | 0 |
| DET IMG | | 2020000257982 | 12 | ENTIRE LOT | 6/26/2020 | 9/15/2020 11:28:50 AM | COURT ORDER | 7 | BARNOSKY AS EXECUTOR...ET AL, JACK | CASSINI, MARIANNE N | | ✓ | | 0 |
| DET IMG | | 2020000096470 | 12 | ENTIRE LOT | 2/13/2020 | 3/16/2020 1:39:48 PM | COURT ORDER | 51 | BARNOSKY, JOHN J | NESTOR, MARIANNE | | ✓ | | 0 |
| DET IMG | | 2020000070270 | 12 | ENTIRE LOT | 2/20/2020 | 2/24/2020 2:49:21 PM | COURT ORDER | 5 | ESTATE OF OLEG CASSINI C/O FARRELL FRITZ PC | CASSINI, MARIANNE N | | | | 0 |
| DET IMG | | 2019000000442 | 12 | ENTIRE LOT | 11/16/2018 | 1/2/2019 10:44:12 AM | ASSIGNMENT OF LEASES AND RENTS | 17 | NESTOR, PEGGY | PRIME PLUS, LLC | | ✓ | | 0 |
| DET IMG | | 2019000000441 | 12 | ENTIRE LOT | 11/16/2018 | 1/2/2019 10:44:11 AM | MORTGAGE | 14 | NESTOR, PEGGY | PRIME PLUS, LLC | | ✓ | | 1,000,000 |
| DET IMG | | 2018000394888 | 12 | ENTIRE LOT | 11/13/2018 | 11/28/2018 3:30:19 PM | DEED | 3 | FUCITO, SHERIFF, JOSEPH | DELUCA, PUBLIC ADMINISTRATOR, JEFFREY | | | ✓ | 6,000,000 |
| DET IMG | | 2018000094161 | 12 | PARTIAL LOT | 3/16/2018 | 3/19/2018 3:49:24 PM | INITIAL UCC1 | 5 | NESTOR, PEGGY | PRIME PLUS LLC | | ✓ | | 0 |

[ Search Options ]  [ New Parcel Identifier Search ]  [ Edit Current Search ]  [ View Tax Map ]

Go To:  Finance Home Page | NYC.gov Home Page | Contact Us | Privacy Policy | Terms of Use

New York City Department of Finance
## Office of the City Register

HELP
[Click help for additional instructions]
Selecting a help option will open new window

**Current Search Criteria:**

**Borough:** MANHATTAN / NEW YORK
**Block:** 1378
**Lot:** 12   **Unit:** N/A
**Date Range:** To Current Date
**Document Class:** All Document Classes

# Search Results By Parcel Identifier

Records 1 - 10 << previous  next >>   Max Rows  10     [ Search Options ] [New BBL Search] [Edit Current Search] [View Tax Map]
[Print Index]

| View | Reel/Pg/File | CRFN | Lot | Partial | Doc Date | Recorded / Filed | Document Type | Pages | Party1 | Party2 | Party 3/ Other | More Party 1/2 Names | Corrected/ Remarks | Doc Amount |
|------|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DET  IMG | | 2021000396758 | 12 | PARTIAL LOT | 8/30/2010 | 10/8/2021 12:01:25 PM | ASSIGNMENT, MORTGAGE | 4 | EMIGRANT MORTGAGE COMPANY, INC. | BANK-MANHATTAN, EMIGRANT SAVINGS | | | | 0 |
| DET  IMG | | 2020000297552 | 12 | ENTIRE LOT | 2/23/1984 | 10/26/2020 12:07:19 PM | CORRECT INDEX/DEED-OFFICE USE | 5 | BROWNE, KATHERINE | NESTOR, MARIANNE | | ✓ | ✓ | 0 |
| DET  IMG | | 2020000277989 | 12 | ENTIRE LOT | 9/29/2020 | 10/9/2020 1:47:44 PM | COURT ORDER | 7 | CURRAN, BRIAN | NESTOR, PEGGY | | | | 0 |
| DET  IMG | | 2020000257982 | 12 | ENTIRE LOT | 6/26/2020 | 9/15/2020 11:28:50 AM | COURT ORDER | 7 | BARNOSKY AS EXECUTOR...ET AL, JACK | CASSINI, MARIANNE N | | ✓ | | 0 |
| DET  IMG | | 2020000096470 | 12 | ENTIRE LOT | 2/13/2020 | 3/16/2020 1:39:48 PM | COURT ORDER | 51 | BARNOSKY, JOHN J | NESTOR, MARIANNE | | ✓ | | 0 |
| DET  IMG | | 2020000070270 | 12 | ENTIRE LOT | 2/20/2020 | 2/24/2020 2:49:21 PM | COURT ORDER | 5 | ESTATE OF OLEG CASSINI C/O FARRELL FRITZ PC | CASSINI, MARIANNE N | | | | 0 |
| DET  IMG | | 2019000000442 | 12 | ENTIRE LOT | 11/16/2018 | 1/2/2019 10:44:12 AM | ASSIGNMENT OF LEASES AND RENTS | 17 | NESTOR, PEGGY | PRIME PLUS, LLC | | ✓ | | 0 |
| DET  IMG | | 2019000000441 | 12 | ENTIRE LOT | 11/16/2018 | 1/2/2019 10:44:11 AM | MORTGAGE | 14 | NESTOR, PEGGY | PRIME PLUS, LLC | | ✓ | | 1,000,000 |
| DET  IMG | | 2018000394888 | 12 | ENTIRE LOT | 11/13/2018 | 11/29/2018 3:30:19 PM | DEED | 3 | FUCITO, SHERIFF, JOSEPH | DELUCA, PUBLIC ADMINISTRATOR, JEFFREY | | | ✓ | 6,000,000 |
| DET  IMG | | 2018000094161 | 12 | PARTIAL LOT | 3/16/2018 | 3/19/2018 3:49:24 PM | INITIAL UCC1 | 5 | NESTOR, PEGGY | PRIME PLUS LLC | | ✓ | | 0 |

Search Options   New Parcel Identifier Search   Edit Current Search   View Tax Map

Go To: Finance Home Page | NYC.gov Home Page | Contact Us | Privacy Policy | Terms of Use

HELP
[Click help for additional instructions]
Selecting a help option will open new window

*Current Search Criteria:*

**Borough:** MANHATTAN / NEW YORK
**Block:** 01378
**Lot:** 0012    **Unit:** N/A
**Date Range:** To Current Date
**Document Class:** All Document Classes

# Search Results By Parcel Identifier

Records 1 - 10 << previous  next >>    Max Rows 10 ⌄    [ Search Options ] [ New BBL Search] [Edit Current Search] [View Tax Map] [Print Index]

| View | Reel/Pg/File | CRFN | Lot | Partial | Doc Date | Recorded / Filed | Document Type | Pages | Party1 | Party2 | Party 3/ Other | More Party 1/2 Names | Corrected/ Remarks | Do Amc |
|------|------|------|-----|---------|----------|-------------------|---------------|-------|--------|--------|-------|------|------|------|
| DET  IMG | | 2021000396758 | 12 | PARTIAL LOT | 8/30/2010 | 10/8/2021 12:01:25 PM | ASSIGNMENT, MORTGAGE | 4 | EMIGRANT MORTGAGE COMPANY, INC. | BANK-MANHATTAN, EMIGRANT SAVINGS | | | | |
| DET  IMG | | 2020000297552 | 12 | ENTIRE LOT | 2/23/1984 | 10/26/2020 12:07:19 PM | CORRECT INDEX/DEED-OFFICE USE | 5 | BROWNE, KATHERINE | NESTOR, MARIANNE | | ✓ | ✓ | |
| DET  IMG | | 2020000277989 | 12 | ENTIRE LOT | 9/29/2020 | 10/9/2020 1:47:44 PM | COURT ORDER | 7 | CURRAN, BRIAN | NESTOR, PEGGY | | | | |
| DET  IMG | | 2020000257982 | 12 | ENTIRE LOT | 6/26/2020 | 9/15/2020 11:28:50 AM | COURT ORDER | 7 | BARNOSKY AS EXECUTOR...ET AL, JACK | CASSINI, MARIANNE N | | ✓ | | |
| DET  IMG | | 2020000096470 | 12 | ENTIRE LOT | 2/13/2020 | 3/16/2020 1:39:48 PM | COURT ORDER | 51 | BARNOSKY, JOHN J | NESTOR, MARIANNE | | ✓ | | |
| DET  IMG | | 2020000070270 | 12 | ENTIRE LOT | 2/20/2020 | 2/24/2020 2:49:21 PM | COURT ORDER | 5 | ESTATE OF OLEG CASSINI C/O FARRELL FRITZ PC | CASSINI, MARIANNE N | | | | |
| DET  IMG | | 2019000000442 | 12 | ENTIRE LOT | 11/16/2018 | 1/2/2019 10:44:12 AM | ASSIGNMENT OF LEASES AND RENTS | 17 | NESTOR, PEGGY | PRIME PLUS, LLC | | ✓ | | |
| DET  IMG | | 2019000000441 | 12 | ENTIRE LOT | 11/16/2018 | 1/2/2019 10:44:11 AM | MORTGAGE | 14 | NESTOR, PEGGY | PRIME PLUS, LLC | | ✓ | | 1,000 |
| DET  IMG | | 2018000394888 | 12 | ENTIRE LOT | 11/13/2018 | 11/29/2018 3:30:19 PM | DEED | 3 | FUCITO, SHERIFF, JOSEPH | DELUCA, PUBLIC ADMINISTRATOR, JEFFREY | | | ✓ | 6,000 |
| DET  IMG | | 2018000094161 | 12 | PARTIAL LOT | 3/16/2018 | 3/19/2018 3:49:24 PM | INITIAL UCC1 | 5 | NESTOR, PEGGY | PRIME PLUS LLC | | ✓ | | |

Search Options      New Parcel Identifier Search      Edit Current Search      View Tax Map

# CERTIFIED COPY

**CITY OF NEW YORK**

**DEPARTMENT OF FINANCE**

**OFFICE OF THE CITY REGISTER, MANHATTAN / NEW YORK COUNTY**

The document attached hereto,

Document ID FT_1810000054681, DEED, recorded on
02-27-1984 00:00, page(s) 1 - 2

is a true and correct copy of the original document recorded in the Office of
the City Register of New York on as attested by the City Register on
05-17-2024 12:23

*Colette McCain-Jacques*

Colette McCain-Jacques
City Register

Standard N.Y.B.T.U. Form 8002* 11-80-70M   Bargain and Sale Deed, with Covenant against Grantor's Acts - Individual or Corporation  (single shee

**CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.**

REEL 767 PAGE 1840

**THIS INDENTURE**, made the 23ʳᵈ day of FEBRUARY , nineteen hundred and eighty-four
**BETWEEN** KATHERINE BROWNE, residing at 8643 Holloway Plaza, Los
Angeles, California 90069

party of the first part, and  MARIANNE NESTOR and PEGGY NESTOR, having an
address at 257 Park Avenue South, New York, New York 10010,

party of the second part,

**WITNESSETH**, that the party of the first part, in consideration of Ten Dollars and other valuable consideration
paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs
or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate,
lying and being in the  Borough of Manhattan, City, County and State of New
York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 63rd Street distant
124 feet 6 inches Westerly from the corner formed by the inter-
section of the Northerly side of 63rd Street and the Westerly side
of Madison Avenue;

RUNNING THENCE Northerly parallel with THE WESTERLY SIDE OF Madison Avenue AND part of the
distance through a party wall 100 feet 5 inches to the center line
of the block; BETWEEN 65TH AND 64TH STREET

THENCE Westerly parallel with the Northerly side of 63rd Street
25 feet;

THENCE Southerly AND AGAIN parallel with Madison Avenue part of the distance
through ANOTHER party wall 100 feet 5 inches to the Northerly side of
63rd Street;

THENCE Easterly along the Northerly side of 63rd Street 25 feet to
the point or place of BEGINNING.

**TAX MAP
DESIGNATION**

Dist.

Sec.

Blk. 1378

Lot No. 12

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and
roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances
and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO
HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of
the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything
whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of
the first part will receive the consideration for this conveyance and will hold the right to receive such consid-
eration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply
the same first to the payment of the cost of the improvement before using any part of the total of the same for
any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.
**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above
written.

IN PRESENCE OF:

*Jeffry S. Tull*

*Katherine Browne*

# CERTIFIED COPY

**CITY OF NEW YORK**

**DEPARTMENT OF FINANCE**

**OFFICE OF THE CITY REGISTER, MANHATTAN / NEW YORK COUNTY**

The document attached hereto,

Document ID FT_1810000054681, DEED, recorded on
02-27-1984 00:00, page(s) 1 - 2

is a true and correct copy of the original document recorded in the Office of
the City Register of New York on as attested by the City Register on
05-17-2024 12:23

*Colette McCain-Jacques*

Colette McCain-Jacques
City Register

FT_181000004681 Recorded 2/27/1984 12:00:00 AM

Standard N.Y.B.T.U. Form 8002* 11 PO 70M    Bargain and Sale Deed, with Covenant against Grantor's Acts - Individual or Corporation (single shee

## CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

LIBER 767 PAGE 1840

SST or
$5080

**THIS INDENTURE,** made the 23RD day of FEBRUARY, nineteen hundred and eighty-four

**BETWEEN** KATHERINE BROWNE, residing at 8643 Holloway Plaza, Los Angeles, California 90069

party of the first part, and  MARIANNE NESTOR and PEGGY NESTOR, having an address at 257 Park Avenue South, New York, New York 10010,

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the  Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 63rd Street distant 124 feet 6 inches Westerly from the corner formed by the intersection of the Northerly side of 63rd Street and the Westerly side of Madison Avenue;

RUNNING THENCE Northerly parallel with ~~Madison Avenue~~ THE WESTERLY SIDE OF part of the distance through a party wall 100 feet 5 inches to the center line of the block; AND BETWEEN 63TH AND 64TH STREET

THENCE Westerly parallel with the Northerly side of 63rd Street 25 feet;

THENCE Southerly AND AGAIN parallel with Madison Avenue part of the distance through ANOTHER a party wall 100 feet 5 inches to the Northerly side of 63rd Street;

THENCE Easterly along the Northerly side of 63rd Street 25 feet to the point or place of BEGINNING.

**TAX MAP DESIGNATION**

Dist.
Sec.
Blk. 1378
Lot(s): 12

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.
**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

Jeffry S. Tull

Katherine Browne

STATE OF NEW YORK, COUNTY OF N.Y.　　ss:

On the 23 day of FEBRUARY 1984 , before me
personally came
　　　KATHERINE BROWNE　　SO IN ORIGINAL
to me known to be the individual　described in and who
executed the foregoing instrument, and acknowledged that
she　executed the same.

*[signature]*

JOSEPH NURNBERG
Notary Public, State of New York
No. 03-09740 Bronx County
Cert. Filed in New York County
Commission Expires March 30, 1985

---

STATE OF NEW YORK, COUNTY OF　　ss:

On the　　day of　　19　, before me
personally came

to me known to be the individual　described in and who
executed the foregoing instrument, and acknowledged that
　　executed the same.

REEL 767 PAGE 1841

---

STATE OF NEW YORK, COUNTY OF　　ss:

On the　　day of　　19　, before me
personally came
to me known, who, being by me duly sworn, did depose and
say that　he resides at No.

that　he is the
of　　　　, the corporation described
in and which executed the foregoing instrument; that　he
knows the seal of said corporation; that the seal affixed
to said instrument is such corporate seal; that it was so
affixed by order of the board of directors of said corpora-
tion, and that　he signed h　name thereto by like order.

---

STATE OF NEW YORK, COUNTY OF　　ss:

On the　　day of　　19　, before me
personally came
the subscribing witness to the foregoing instrument, with
whom I am personally acquainted, who, being by me duly
sworn, did depose and say that　he resides at No.

that　he knows

　　　　　　　　　　to be the individual
described in and who executed the foregoing instrument;
that　he, said subscribing witness, was present and saw
execute the same; and that　he, said witness,
at the same time subscribed h　name as witness thereto.

---

**Bargain and Sale Deed**
With Covenant Against Grantor's Acts

Title No. M 21033

KATHERINE BROWNE
*Grantor*

TO

SECTION
BLOCK　1378
LOT　12
COUNTY OR TOWN　NEW YORK
TAX BILLING ADDRESS　15 EAST 63 rd STREET

Recorded At Request of The Title Guarantee Company

RETURN BY MAIL TO:

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
**TITLE GUARANTEE-
NEW YORK**
A TICOR COMPANY

BOOTH, LIPTON & LIPTON
405 Park Avenue
New York, New York
ATT WILL SANSLER ESQ. Zip No. 10022

RECORDED BY
LTIC ASSOC., INC.
41 East 42 Street
NEW YORK, N.Y. 10017
599-2170

REAL ESTATE
FEB 27 1984
TRANSFER TAX
NEW YORK
COUNTY

$5,000
E.M. FEE $10.00
OFFICE OF CITY REGISTER
New York County
RECORDED
*[illegible]*
KEN E. CITY REGISTER

84 FEB 27 P2:17